# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAL WAWRZYNSKI,<br><br>                          Plaintiff,<br>   vs.<br><br>BYRON HIBSHMAN; MARKO RADOVANOVIC; KEVIN FRIEDMAN; SIAVASH PAZARGADI; and DOES 1 through 10, inclusive,<br><br>                          Defendants. | CASE NO. 10-CV-2347-H (WMC)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

On January 28, 2011, Defendants Siavish Pazargadi and Marko Radovanovic filed a motion to dismiss Plaintiff's first amended complaint. (Doc. No. 11.) On February 28, 2011, Plaintiff filed a response in opposition to Defendants' motion. (Doc. No. 12.) On March 7, 2011, Defendants filed their reply. (Doc. No. 14.) The Court determined this matter to be appropriate for resolution without oral argument and submitted it on the parties' papers pursuant to Local Civil Rule 7.1(d)(1). (Doc. No. 13.) For the reason below, the Court GRANTS Defendants' motion to dismiss.

## Background

On September 9, 2010, Plaintiff, the owner and operator of a small fleet of pedicabs, filed a complaint in San Diego Superior Court against Defendants Pazargadi, Radovanovic, and Byron Hibshman alleging that they violated his constitutional rights entitling Plaintiff to

damages under 42 U.S.C. § 1983. (Doc. No. 1, Compl.) Plaintiff alleges that from January 14, 2010 to December 31, 2010, Defendant police officers conspired to retaliate against Plaintiff for filing a lawsuit that challenged the constitutionality of San Diego's new pedicab ordinance and related lottery system. (Doc. No. 9 ¶¶ 19, 28.) On November 15, 2010, Defendants removed the action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. (Doc. No. 1, Notice of Removal.) Defendants argue that Plaintiff's complaint does not contain any allegations of wrongdoing by Defendants or allegations that Defendants acted in bad faith or with malice towards Plaintiff. (Doc. No. 11-1 at 6-7.) Defendants also argue that the conduct complained of by Plaintiff was already determined to be non-actionable in prior state court proceedings. (Doc. No. 11-1.)

On December 20, 2010, the Court dismissed Plaintiff's complaint with leave to amend on res judicata grounds based on Plaintiff's previous action against Defendants in San Diego Superior Court, Wawryzynski v. City of San Diego, No. 37-2010-00065138 (Cal. Sup. Ct. 2010). (Doc. No. 8.) In that action, the court sustained Defendants Hibshman, Pazargardi, and Radovanovic's demurrers on Plaintiff's third amended complaint without leave to amend. (Doc. No. 3-6.)[1] The state court held that Plaintiff could not state a cause of action against the Defendants because his allegations only stated that Defendants were following city procedures and Defendants were thus immune. (Id. at 1.) That court also stated that "[Plaintiff] has been given several opportunities to allege a viable [cause of action] and has failed to do so." (Id. at 1.)

On January 19, 2011, Plaintiff filed his first amended complaint ("FAC"). (Doc. No. 9.) Plaintiff's FAC added Kevin Friedman as a Defendant, added additional factual allegations about incidents occurring after August 2010, and added additional causes of actions against the Defendants for violations of Cal. Civ. Code § 52.1. (Id.)

///

---

[1] The Court takes judicial notice of the court records from Plaintiff's prior state court proceedings pursuant to Federal Rule of Evidence 201. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("a court may take judicial notice of 'matters of public record'").

## Discussion

### I. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see also Twombly, 550 U.S. at 555.

### II. Plaintiff's § 1983 claims

Defendants Pazargardi and Radovanovic argue that Plaintiff's § 1983 claims should be dismissed because his claims are barred on the grounds of res judicata. (Doc. No. 11-1.) Defendants argue that Plaintiff's claims were decided in prior state court proceedings where that court sustained Defendants' demurrer without leave to amend. (Id.) In response, Plaintiff argues that his FAC added a new Defendant Kevin Freidman, and contains new factual allegations in support of his causes of action that occurred after the state court ruling. (Doc. No. 12.)

A defendant may raise the affirmative defense of res judicata by motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984). Federal courts must afford full faith and credit to state court judgments. 28 U.S.C. § 1738; San Remo Hotel, L.P. v. City and Cnty. of San Francisco, 545 U.S. 323, 336 (2005). Federal courts look to state law to determine the preclusive effect of a state court judgment. Manufactured Home Cmtys. v. City of San Jose, 420 F.3d 1022, 1031 (9th Cir. 2005). Accordingly, the Court applies California's res judicata law in ruling on Defendants' motion to dismiss. See Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993).

Under California law,

> [t]he doctrine of res judicata precludes the relitigation of certain matters which have been resolved in a prior proceeding under certain circumstances. Its purpose is "to preserve the integrity of the judicial system, promote judicial economy, and protect litigants from harassment by vexatious litigation."
>
> The doctrine has two aspects. It applies to both a previously litigated cause of action, referred to as claim preclusion, and to an issue necessarily decided in a prior action, referred to as issue preclusion. The prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.

Brinton v. Bankers Pension Servs., Inc., 76 Cal. App. 4th 550, 556 (1999) (citations omitted).

Plaintiff's § 1983 claims are based on incidents that occurred between January 14, 2010 and December 31, 2010. (Doc. No. 9 ¶¶ 19, 28.) The factual allegations about incidents that occurred prior to early August 2010 in Plaintiff's FAC are the exact same factual allegations that were contained in Plaintiff's first complaint. (Compare Doc. No. 1, Compl. ¶¶ 10-14 with Doc. No. 9 ¶¶ 5-10.) The Court previously dismissed these allegations on the grounds of res judicata based on the August 27, 2010 ruling in Plaintiff's prior state court proceedings. (Doc. No. 8.) Accordingly, the Court concludes that these claims are still barred by res judicata.

Plaintiff argues that res judicata should not apply to these claims because he added a new Defendant, Kevin Friedman, in his FAC that was not a party to the prior litigation. (Doc. No. 12 at 2-3.) However, res judicata may be asserted against a party that was a party in the

1  prior proceeding even if there are new different parties in the later proceeding. See Vandenburg v. Sup. Ct., 21 Cal. 4th 815, 828 (1999) ("[B]ecause [collateral] estoppel need not be mutual, it is not necessary that the earlier and later proceedings involve the identical parties or their privies. Only the party against whom the doctrine is invoked must be bound by the prior proceeding."). Plaintiff was the same plaintiff in the prior state court proceedings, (Doc. Nos. 3-3, 3-5), and he is the party that res judicata is being asserted against. Res judicata applies to Plaintiff's § 1983 claims regardless of whether Plaintiff has added a new defendant in his FAC. See Vandenburg, 21 Cal. 4th at 828-29.

Plaintiff also argues that res judicata should not apply because he has added factual allegations in his FAC that occurred after the state court's August 27, 2010 ruling. (Doc. No. 12 at 3-4.) Plaintiff argues that these allegations could not possibly have been litigated in the prior state court proceedings because they occurred after that court's ruling. (Id.) Defendants argue that these new allegations do not amount to any form of actionable conduct and are also barred by res judicata. (Doc. No. 14 at 2.)

"Res judicata serves as a bar to all causes of action that were litigated or that could have been litigated." Allied Fire Protection v. Diede Construction, Inc., 127 Cal. App. 4th 150, 155 (2005). "[T]he doctrine may not apply when 'there are changed conditions and new facts which were not in existence at the time the action was filed upon which the prior judgment is based.'" Planning & Conservation League v. Castaic Lake Water Agency, 180 Cal. App. 4th 210, 227 (2009). However, new circumstances or facts prevent res judicata from applying only when "in the interval between the first and second actions, the facts have materially changed or new facts have occurred which may have altered the legal rights or relations of the litigants." Smith v. Exxon Mobil Corp., 153 Cal. App. 4th 1407, 1418-19 (2007); accord Hurd v. Albert, 214 Cal. 15, 26 (1931).

Defendant Pazargadi is not mentioned in the FAC in any of the new allegations about conduct that occurred after August 27, 2010. (See Doc. No. 9 ¶¶ 11-13.) Because none of the new allegations even mention Pazargadi, these allegations do not alter the legal rights or relations between Plaintiff and Pazargadi that were decided in the prior state court proceedings,

see Smith, 153 Cal. App. 4th at 1418-19, or provide a basis for a new separate § 1983 claim against Defendant Pazargadi.

The following are the only allegations in the FAC about Defendant Marko Radovanovic that occurred after August 27, 2010:

> After Friedman submitted the citation to the Court, Plaintiff pled not guilty and was scheduled for trial for September 28, 2010, or so. Friedman informed Marko of this at the end of August 2010. In September [2010],[2] Marko met with Hibshman in Ramona and they decided that Marko would work on suspending Plaintiff's operating permit and Hibshman would work on harassing Plaintiff's pedicab operators. Marko then suddenly notified Plaintiff of a September 14, 2010, "hearing" date regarding Plaintiff's April 2010 suspension, so as to ensure that Plaintiff's not guilty or dismissal verdict in the court trial could not be used at the hearing. The only persons testifying at the "hearing" on the City's side were Marko and Mark Rodgers who had no personal knowledge of the incident at issue. Shortly afterwards, Marko was fired from his position.

(Doc. No. 9 ¶ 11.) These additional allegations merely state that Defendant Radovanovic was following city procedures in dealing with Plaintiff. The state court in the prior proceedings held that Plaintiff could not state a cause of action against the Defendants because his allegations only stated that Defendants were following city procedures and Defendants were thus immune. (Doc. No. 3-6 at 1.) Therefore, Plaintiff's additional allegations that Radovanovic continued to follow city procedures do not alter the legal rights or relations between Plaintiff and Radovanovic that were decided in the prior state court proceedings. See Smith, 153 Cal. App. 4th at 1418-19. In addition, these additional allegations taken by themselves do not state how Radovanic conspired to violate Plaintiff's civil rights or how Plaintiff's rights were violated. Accordingly, these additional allegations do not provide a basis for a new separate § 1983 claim against Defendant Pazargadi. See Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) ("While it is true that conspiracy claims may be brought under 1983, more than vague conclusory allegations are required to state a claim." (citation omitted)); see also Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

---

[2] The Court notes that Plaintiff has explained that the date in paragraph 11 was a typographical error and should be "September 2010" not "September 2009." (Doc. No. 12 at 3.)

### III. Plaintiff's State Law Claims

In addition to his federal § 1983 claims, Plaintiff plead in his FAC state law claims for violations of Cal. Civ. Code § 52.1. (Doc. No. 9.) This case was removed to federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on Plaintiff's § 1983 claims. (Doc. No. 1, Notice of Removal.) Plaintiff does not state in his FAC the jurisdictional basis for these state law claims. (See Doc. No. 9.) These claims would purportedly be brought under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, because the parties are not diverse,[3] and Plaintiff would not be able to bring these claims under the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

A district court may decline to exercise supplemental jurisdiction over a claim under 28 U.S.C. § 1367(c)(3) if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988). Because the Court has dismissed the federal causes of action giving rise to this Court's original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, the Court GRANTS Defendants' motion to dismiss the state law claims.

///
///
///
///
///
///
///

---

[3] The FAC alleges that Plaintiff and all four Defendants are citizens of California. (Doc. No. 9 ¶¶ 1-2.)

## **Conclusion**

For the reasons above, the Court GRANTS Defendants Siavish Pazargardi and Marko Radovanovic's motion to dismiss Plaintiff's first amended complaint. Because Plaintiff has had multiple opportunities to state a viable claim against the two Defendants in this Court and in the prior state court proceedings and has failed to do so, Plaintiff's claims are dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: March 18, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT